FILED & ENTERED

JUN 08 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

ORDER NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**BRIAN J COOK and VICTORIA VELASQUEZ COOK,**<br><br>Debtors. | Case No. 2:15-bk-10768-RK<br><br>Chapter 11<br><br>**ORDER DENYING DEBTORS' MOTION TO REJECT EXECUTORY CONTRACT**<br><br>Date:   June 9, 2015<br>Time:   2:30 p.m.<br>Place:  Courtroom 1675<br>        United States Bankruptcy Court<br>        Roybal Federal Building<br>        255 East Temple St.<br>        Los Angeles, California 90012 |

Pending before the court is the motion of debtors Brian and Victoria Cook ("debtors") to reject a contract as executory between debtor Brian Cook and creditor Edward Franowicz ("creditor") pursuant to 11 U.S.C. §365, which is noticed for hearing on June 9, 2015 at 2:30 p.m. Creditor has filed an opposition to the motion, and the motion is a contested matter pursuant to Fed. R. Bankr. P. 6006 and 9014. Having reviewed the moving, opposing, and reply papers, the court determines that oral argument is not necessary, dispenses with it, takes the motion under submission, vacates the scheduled hearing on June 9, 2015 and rules as follows.

1        As stated in *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-1099 (2nd Cir. 1993),
2 cited by debtors in their moving papers, motions to assume or reject executory contracts
3 under 11 U.S.C. §365 should be summary proceedings focusing on whether the decision
4 of the trustee, or debtor-in-possession, to assume or reject an executory contract is a
5 good business decision or bad one.  The sparse and conclusory nature of the evidentiary
6 showing by debtors in the moving papers has led the court to determine that the court
7 cannot rule upon the motion without sufficient factual development because the record is
8 insufficient at this time for the court to rule in favor of debtors on this motion.  That is, the
9 evidentiary record is insufficient for the court to find that the contract is executory, that
10 creditor is not a purchaser-in-possession entitled to the protections of 11 U.S.C. §365(i),
11 or that the rejection of the contract is a reasonable exercise of the business judgment of
12 debtors in possession.  Debtors' evidentiary showing in support of their motion consists of
13 scanty (or "bare bones" as described by creditor) and conclusory statements by debtor
14 Brian Cook that the contract is executory, that rejection of the contract is a reasonable
15 exercise of debtors' business judgment and that creditor is not entitled to protection as a
16 purchaser-in-possession under 11 U.S.C. §365(i), to which statements creditor has
17 interposed evidentiary objections, which the court now sustains because the statements
18 are conclusory and lacking in foundation.  Fed. R. Evid. 602, 701 and 702.  Moreover,
19 creditor has offered contrary evidence which raises disputed issues of material fact which
20 the court must resolve in deciding this contested matter of a motion to reject a contract as
21 executory.  While motions to reject executory contracts should be summary proceedings,
22 they are also contested matters under Fed. R. Bankr. P. 6006 and 9014 and therefore
23 sometimes they may require more extensive proceedings than summary.
24 ///
25 ///
26 ///
27 ///
28

1   For the foregoing reasons, the court denies the motion without prejudice.  That is, debtors may file an amended motion that remedies the deficiencies in proof described in this order.  No appearances are required on June 9, 2015.

IT IS SO ORDERED

###

Date: June 8, 2015

_____
Robert Kwan
United States Bankruptcy Judge